**BENNY S. QUITUGUA, Appellee**

v.

**ATKINS, KROLL (GUAM), LTD., Appellant**

Civil No. 59-A

District Court of Guam

Appellate Division

July 30, 1970

Before GOODWIN, *District Judge, Presiding*, PEREZ, *Chief Judge*, and ABBATE, *Judge*, Island Court of Guam

PER CURIAM

### OPINION

In this case, plaintiff-appellee Quitugua purchased a motor vehicle from defendant-appellant Atkins, Kroll on or about 4 March, 1968; as part of the down payment, Quitugua traded in another automobile; thereafter from time to time until finally in late July or August of 1968, Quitugua returned the automobile to Atkins, Kroll be-

cause of transmission trouble and informed them he was going to see his lawyer; and a rescission notice was then delivered to Atkins, Kroll; the vehicle was driven by Quitugua for some 7,100 miles during this period of about 5 or 6 months.

The Court below found the rescission to be timely and effective and accordingly granted Quitugua judgment.

From this judgment, Atkins, Kroll appealed to this court and based his appeal on the following grounds:

(1) That the trial court erred in finding that plaintiff's attempted rescission was timely and effective;

(2) That the trial court erred in granting judgment to the plaintiff in the full amount prayed without an offset for the value to the plaintiff of the use of the automobile or the damage to the defendant for the same use; and

(3) That the court erred in excluding from evidence defendant's express warranty covering the subject sales transaction.

On the 1st count, it is quite clear in the record that Quitugua turned in the vehicle to Atkins, Kroll complaining about transmission trouble after only two days of use and continued to do this until late July or early August when he brought in the vehicle for the last time and informed Atkins, Kroll that he would see a lawyer. Upon consulting a lawyer a notice of rescission dated 20 August, 1968, was delivered to Atkins, Kroll.

On the 2nd ground, the lower court apparently concluded that Quitugua did not receive any additional benefit in the use of Atkins, Kroll vehicle that he would not have received had he not entered into subject sale and traded in his old vehicle as part of the down payment;

On the 3rd ground, you have the positive and clear testimony of a witness that he was not given any written warranty as against another testimony which is not as positive.

Obviously the lower court chose to believe the positive testimony rather than the other.

 On the first two grounds, this court must follow the elementary rule on appeal which says that an appellate court may not disturb lower court findings of fact unless it is not supported by preponderance of evidence. In this case the preponderance of evidence sustains the findings of the court.

There is no doubt that Quitugua did everything he could possibly do to retain the vehicle until his patience ran out and when his patience did run out, he went to see a lawyer who immediately advised rescission.

The court in the case of *Williams v. Marshall*, 37 Cal.2d 445, 235 P.2d 372, 378 (1951), said:

"The courts have frequently declared that there is no artificial rule as to the laspe of time which will justify the application of the doctrine of laches. Each case must be determined upon the basis of its facts, and in the absence of a palpable abuse of discretion the trial court's finding upon the issue will not be disturbed upon appeal."

 This court concludes that the lower court was correct in finding that the rescission was timely and effective; that the lower court's decision in not granting Atkins, Kroll any offset and in excluding the express warranty from evidence justified.

The judgment of the Island Court is therefore affirmed.